**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| JESSE WALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 25-2960 (UNA) |
| | ) | |
| JUDGE ELIZABETH WINGO, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

This matter is before the Court on consideration of plaintiff's application to proceed *in forma pauperis* (ECF No. 2), *pro se* complaint (ECF No. 1, "Compl."), and response (ECF No. 4) to the Court's November 21, 2025, Order (ECF No. 3).  The Court GRANTS the application, GRANTS plaintiff leave to use a Post Office Box as his address of record, and DISMISSES the complaint without prejudice.

Plaintiff, allegedly "a 43-year-old Gay White African Asian European Native American Man," Compl. ¶ 6, declared himself the "lawfully assigned . . . Ambassador of John August Wall Territory, with diplomatic immunity," *id*. ¶ 7; *see id*. ¶ 55, and thus beyond the jurisdiction of the Superior Court of the District of Columbia, *see id*. ¶ 14.  Nevertheless, plaintiff found himself in the Superior Court as the respondent to an action which resulted in the issuance of a civil protection order against him.  *See, e.g., id*. ¶¶ 41-42, 49-50.  He brings this action against the Associate and Magistrate Judges presiding over the civil protection case, the former Chief Judge of the Superior Court, the Assistant Attorney General representing the District of Columbia, and a United States District Judge, *see id*. ¶¶ 8-9, alleging all manner of sexual harassment, threats, and retaliation, *see, e.g., id*. ¶¶ 9, 39, 42, 49-52, 58, 69, 98-99.  Plaintiff demands a declaratory judgment, an award totaling $50 million, an injunction halting further proceedings against him in the Superior Court,

Page **1** of **3**

dismissal of all charges against him, and the arrest of the individual who filed the petition for a civil protection order. *See id*. at 15 (page number designated by CM/ECF).

Of the complaint's many defects, the Court highlights three. For starters, the defendant judges are immune from suit. It appears that plaintiff's claims against them arise from actions taken in their judicial capacities, and his claim for monetary damages is barred. *See Mirales v. Waco*, 502 U.S. 9 (1991) (finding that "judicial immunity is an immunity from suit, not just from ultimate assessment of damages); *Stump v. Sparkman*, 435 U.S. 349, 364 (1978) (concluding that state judge was "immune from damages liability even if his [decision] was in error"); *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967) ("Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction, as this Court recognized when it adopted the doctrine, in *Bradley v. Fisher*, 13 Wall. 335, 20 L. Ed. 646 (1872).").

Likewise, because it appears that actions taken by the Assistant Attorney General also were taken as, essentially, the prosecutor in the civil protection matter, prosecutorial immunity protects her from plaintiff's claims for monetary damages. *See Moore v. Motz*, 437 F. Supp. 2d 88, 92 (D.D.C. 2006) (citing *Imbler v. Patchman*, 424 U.S. 409, 427 (1976)).

Insofar as Plaintiff asks this Court to review or reverse the orders of the Superior Court judges, or otherwise to direct the Superior Court's actions, this Court lacks jurisdiction to do so. *See Brown v. District of Columbia*, No. 23-7129, 2024 WL 1693616, at *1 (D.C. Cir. Apr. 18, 2024) (per curiam) ("The district court did not err by dismissing appellant's complaint for lack of subject matter jurisdiction because the complaint sought judicial review of decisions issued by the Superior Court of the District of Columbia.").

An Order is issued separately.

/s/
ANA C. REYES
United States District Judge

DATE: December 8, 2025